IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


RICHARD GUY,

    Plaintiff,

  v.                                                    No. CV 12-0774 JH/WPL

NM SEC. OF CORRECTIONS ALFONSO SOLIS,
GREG MARCANTEL,
NEW MEXICO DEPT. OF CORRECTIONS,
WESTERN NEW MEXICO CORRECTIONAL
FACILITY WARDEN ROBERT STEWARD,
SOUTHERN NEW MEXICO CORRECTIONAL
FACILITY WARDEN STEVE NANCE,
LOS LUNAS CENTRAL NEW MEXICO
CORRECTIONAL FACILITY WARDEN JOE GARCIA,
PNM SANTA FE, NM CORRECTIONAL FACILITIES,
SOUTHERN NEW MEXICO CORRECTIONAL
FACILITY P.O.U.

    Defendants.


MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Writ of Habeas Corpus Civil Rights Claim and two amended pleadings. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will dismiss certain of Plaintiff's claims.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff styles his original complaint as a Writ of Habeas Corpus Civil Rights Claim. His Motion of Addendum (Doc. 3) asks that additional allegations be included as part of his complaint. The Court includes the additional allegations in its analysis of Plaintiff's claims. The first amended pleading (Doc. 5) is entitled Writ of Habeas Corpus and Motion for Order of Class Action for Inmate Population of Prisons of New Mexico. He also filed a Writ of Habeas Corpus /and or deliberate indifference of medical services 42 U.S.C. § 1983 (Doc. 8). Plaintiff names a number of Defendants and asserts claims of denial of access to the courts, being labeled as a "snitch," retaliation, denial of medical treatment, violations of state correctional policies and procedures, excessive commissary prices, overcrowding, discrimination, and violations of the ADA. In each pleading Plaintiff states that he is challenging conditions of his confinement. Because Plaintiff does not "challenge[] the fact or duration of his confinement," *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012), the Court construes the pleadings together as a § 1983 complaint, *see Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). The complaint asks for damages as

well as injunctive relief.

No relief is available on Plaintiff's claims in his original complaint. Plaintiff alleges that Defendants have failed to provide him adequate access to legal materials. He asserts that this inadequate access has resulted in dismissals of his prior actions in this Court. His primary example of this alleged injury is that, before the dismissal in one of his prior cases, the assigned Magistrate Judge had granted his in forma pauperis motion under 28 U.S.C. § 1915, thus establishing that his case was meritorious. *See Guy v. Northcutt*, No. CV 08-0347 WFD/LFG, Doc. 8 (D.N.M. June 17, 2008). The Court of Appeals for the Tenth Circuit has squarely rejected this proposition where, as here, the "in forma pauperis motion was granted solely based on financial (in)ability." *See Landrith v. Gariglietti*, No. 12-3048, 2012 WL 6062668, at *2 (10th Cir. Dec. 7, 2012) (citing *Buchheit v. Green*, --- F.3d ---, ---,[1] No. 12-3154, 2012 WL 5909036, at *3 (10th Cir. Nov. 27, 2012)).

Furthermore, Plaintiff makes only conclusory allegations that lack of access to materials caused the dismissals of his previous complaints. "Where, for example, the underlying case was adversely decided on the basis of a deficiency logically and practically unrelated to the impediment created by the right-of-access defendants, courts have held that the plaintiff has suffered no actual injury associated with their constitutional misconduct." *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005); *and see Lewis v. Casey*, 518 U.S. 343, 354 (1996) (rejecting assertion that "State must enable the prisoner to . . . litigate effectively once in court"). The original complaint makes no plausible allegation of injury, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, and the Court will dismiss the claims therein.

---

[1] The Court notes that the electronic version of the *Buchheit* decision in Westlaw states that the opinion "was not selected for publication," 2012 WL 6062668, at *1; on the other hand, at the top of the first page of the original Court of Appeals opinion is the word "Publish." *See* http://www.ca10.uscourts.gov/searchopinion.php.

In his first amended complaint (Doc. 5), Plaintiff alleges that Correctional Officer Morgan labeled him a "snitch," and Officer Henry confiscated medical equipment that had been ordered for Plaintiff by a doctor. He does not, however, name these individuals as Defendants. He then sets out a long litany of allegedly unacceptable conditions at Western New Mexico Correctional Facility, including failure to follow policies and procedures, overcrowding, poor maintenance, use of excessive force, non-nutritious food, high commissary prices, improper grievance procedures, inadequate mental health treatment, unsanitary conditions, and discrimination against disabled prisoners. The first amended complaint alleges no injury to Plaintiff by any Defendant.

Courts strongly discourage the kind of pleading found in Plaintiff's first amended complaint. "The law recognizes a significant difference between notice pleading and 'shotgun' pleading." *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (affirming dismissal of shotgun RICO complaint because it "failed to state a claim under any conceivable matching of allegations"). A shotgun pleading "begin[s] with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint . . . ." *Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). A shotgun pleading inevitably propagates unnecessarily broad discovery and confusion regarding claims because, as here, the plaintiff has incorporated numerous extraneous and immaterial allegations into each of his pleadings. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 649-50 (2008); *Johnson Enter.*, 162 F.3d at 1333. "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Byrne*, 261 F.3d at 1131. The Court will dismiss Plaintiff's first

amended complaint, without prejudice to his right to assert claims against Officers Morgan and Henry.

In Plaintiff's second amended complaint (Doc. 8), he alleges that an unnamed nurse practitioner misdiagnosed a skin infection that subsequently became much worse. He further alleges that, over a 24-month period, Defendant Corizon Medical Services "showed almost total unconcern" as his condition worsened. An allegation of misdiagnosis by medical staff does not state a claim for relief in an action under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). Defendant Corizon, on the other hand, will be required to answer the allegation of harmful delay. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

Last, under *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000), the Court will deny this pro se Plaintiff's implicit request for class certification.

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed in forma pauperis (Docs. 2, 6) is GRANTED, and the initial partial payment is waived;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why payment should be excused, and the Clerk is directed to provide Plaintiff with a post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's Motion of Addendum (Doc. 3) is GRANTED, and his implicit request for class certification in the original and first amended complaints is DENIED;

IT IS FURTHER ORDERED that, except for claims against Defendant Corizon Medical Services in the second amended complaint, Plaintiff's claims are DISMISSED; the dismissal is

without prejudice to Plaintiff's right to assert claims against Officers Morgan and Henry;

IT IS FURTHER ORDERED that Defendants Solis, Marcantel, Steward, Nance, Garcia, Penitentiary of New Mexico, Martinez, Aramark, Western New Mexico Correctional Facility, and Unknown Nurse Practitioner are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the second amended complaint (Doc. 8), for Defendant Corizon Medical Services.

_____
UNITED STATES DISTRICT JUDGE