IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD GENE GUY,

        Plaintiff,

v.                                                                                          CV 12-0774 JCH/WPL

CORIZON MEDICAL SERVICES,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On February 27, 2013, Richard Guy filed a document entitled Response to Defendant Corizon Inc. Answer to Writ of Habeas Corpus. (Doc. 20.) In this document, Guy seeks to name additional Defendants and bring new claims regarding the unsanitary prison conditions that allegedly led to his medical condition. (*See id.*) For the reasons stated below, I construe this document as an amended complaint, and I recommend that the Court dismiss the new claims brought against the new Defendants.

**FACTUAL AND PROCEDURAL BACKGROUND**

Guy, a prisoner at Central New Mexico Correctional Facility (Doc. 9), filed several pleadings alleging, among other things, deliberate indifference to his serious medical needs (Docs 1, 3, 5, 8).[1] According to this claim, Corizon, Inc. ("Corizon")[2] knew that Guy suffered

---

[1] Guy styles his pleadings as "Writ of Habeas Corpus Civil Rights Claim[s]." (*See, e.g.*, Doc. 1.) The Court has previously observed that these documents do not challenge the fact or duration of Guy's confinement; rather, they bring claims of alleged constitutional and statutory violations. (*See* Doc. 10 (citations omitted).) These pleadings are thus construed together as a § 1983 complaint, not a petition for habeas corpus. (*See id.*)

[2] In his original complaint, Guy brought the relevant claim against "Corizon Medical Services." (Doc. 8.) However, in his "response," Guy targets "Corizon, Inc." with this claim. (Doc. 20 at 2.) Corizon

from a staph infection but had been misdiagnosed with herpes. (Doc. 8 at 2.) Guy claims that Corizon delayed or impeded treatment of this infection, resulting in the development of a flesh-eating skin disease that caused him serious physical pain and suffering. (*Id.* at 2-3.) Corizon allegedly continued to delay or impede treatment of this condition for the next twenty-four months. (*Id.* at 3.) In addition to Corizon, these pleadings name former interim New Mexico Secretary of Corrections Alfonso Solis, the New Mexico Department of Corrections ("DOC"), and other parties as Defendants responsible for other alleged wrongdoings. (*See, e.g.,* Doc. 1.)

After considering these filings *sua sponte* under 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(b)(6), the Court dismissed all Defendants from this action except for Corizon and all claims except for that of deliberate indifference. (Doc. 10 at 3-6.) Corizon subsequently filed an answer to Guy's complaint (Doc. 18), and I ordered Corizon to produce a *Martinez* report to assist me in determining whether there is a factual and legal basis for Guy's claims (Doc. 19). According to the terms of that Order, Guy is entitled to file a response or objections to Corizon's *Martinez* report in which he may present conflicting evidence to controvert the facts set out in the report. (*Id.* at 2.) Corizon's *Martinez* report is due March 27, 2013. (*Id.*)

Several days later, Guy filed his purported response to Corizon's answer. (Doc. 20.) In this document, Guy now names DOC and the GEO Group as Defendants and brings a new claim regarding the conditions of his imprisonment. (*Id.*)[3] Guy alleges that "employe[e]s working

---

has acknowledged in its answer that its correct name is Corizon, Inc., and that it has been improperly identified as "Corizon Medical Services" in Guy's original complaint. (Doc. 18 at 1.) I will therefore issue a concurrent order that the caption be amended to reflect Corizon, Inc., as the proper Defendant in this action.

[3] Although Guy lists "Alfondso [*sic*] Solis, et al" in the case caption before naming other parties (Doc. 20 at 1), he does not allege any claims against Solis or otherwise mention him in this newest pleading. For this reason, and because Solis has already been dismissed from this action (*see* Doc. 10), I interpret the inclusion of his name in the case caption as a legacy of his earlier status as a Defendant in this matter and not as an indication that any of Guy's new claims are directed at him.

under contract" with DOC and the GEO Group, "a private contractor who housed the plaintiff" at Lea County Correctional Facility, are responsible for unsanitary conditions that caused or contributed to the development of his skin disease. (*Id.* at 5.) Several exhibits are also attached to this document, although none appear to be related to Guy's allegations regarding overcrowding or the treatment of his skin disease. (*Id.* at 6-13.)

## DISCUSSION

Although labeled as responsive to Corizon's answer, Guy's most recent filing is apparently not intended as an actual reply to that answer, which would not be permitted without a previous court order in any event. *See* FED. R. CIV. P. 7(a)(7). Instead, this document appears to be intended as a new pleading setting forth an additional claim not raised in his earlier complaint or addressed in Corizon's answer, and I recommend that it be construed as such. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (internal citation omitted)). Because this document discusses matters occurring before the filing of this action, as opposed to matters occurring after the date of that filing, I recommend that the Court construe the pleading as an amended complaint rather than as a supplemental pleading. *See* FED. R. CIV. P. 15(d).

Guy has already filed four earlier pleadings in this matter, and a party is only allowed one chance to amend his pleadings as a matter of course. *See* FED. R. CIV. P. 15(a)(1). However, this Court has construed all of Guy's earlier pleadings as a single complaint under § 1983. (*See* Doc. 10 at 2.) Because Guy filed his amended complaint only a week after Corizon filed its answer, he has met the prerequisites for filing an amended complaint as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(B) (allowing amendment within twenty-one days after the service of a responsive pleading). Still, because Guy is proceeding in forma pauperis, his claims remain subject to *sua*

*sponte* review by the Court for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

Guy cannot maintain this action against DOC or the GEO Group. Although he does not specify the relief he is seeking other than whatever the Court "deems fair[,] . . . just and proper" (Doc. 20 at 5), I note as an initial matter that any claims against DOC would be barred under the Eleventh Amendment if they were construed as seeking monetary damages. *See Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990) (noting that New Mexico's waiver of sovereign immunity only applies to tort actions brought in state courts). However, regardless of the remedy sought, Guy does not actually allege that DOC and the GEO Group are themselves responsible for the unsanitary conditions complained of in this most recent filing. Rather, he seeks to assign liability to these two entities by pinning fault for the alleged conditions on their employees. (*See* Doc. 20 at 2.) Such allegations brought under a theory of respondeat superior do not state a claim for relief in a § 1983 action. *See Bd. of Cnty. Cmm'rs v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 692 (1978)); *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1240 (D.N.M. 2010). Accordingly, Guy's claims against these parties should not proceed.

I also note that Guy's allegations against Corizon in the amended complaint are not substantively different from his original claim that Corizon impermissibly delayed appropriate medical treatment of his skin disease. Therefore, I see no need to have Corizon file a second answer or to stay the deadlines for the parties to respond to my Order to Submit a *Martinez* Report (Doc. 19).

## CONCLUSION

Because Guy cannot state a claim for relief against DOC or the GEO Group, I recommend that the Court dismiss these claims and Defendants pursuant to 28 U.S.C. § 1915(e)(2).

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.