IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD GUY,

      Plaintiff,

v.                                            CV 12-0774 JCH/WPL

CORIZON, INC.,

      Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 32) and Plaintiff Richard Guy's objections thereto (Doc. 34; Doc. 37). The PFRD concluded that Plaintiff failed to exhaust his administrative remedies and recommended that his claims be dismissed without prejudice. (Doc. 32.) Having conducted a de novo review, and having considered Plaintiff's filings, the Court adopts the Magistrate Judge's PFRD.

In the first responsive document filed by Plaintiff, purportedly his "Answer to Defendant[']s Martinez Report and Summary Judg[]ment," Plaintiff objects that he was prevented from filing grievances with respect to his claims and was threatened with reprisals if he did so. (Doc. 34 at 1-2.) Because Plaintiff filed this "answer" after his own response to Defendant Corizon, Inc.'s *Martinez* report and after Defendant's reply, this filing would normally constitute a surreply, which may not be filed without leave of the Court. *See* D.N.M.LR-Civ. 7.4(b); *see also Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (noting that a pro se litigant's filings, though construed liberally, must nonetheless follow

the legal standards applied to a represented litigant's filings). Notably, however, the document was also submitted after the Magistrate Judge filed his PFRD with respect to the *Martinez* report (*see* Doc. 34 at 13 (envelope postmarked one day after the PFRD was filed)), weighing against consideration of the document as a surreply.

Considering the timing of the filing and Plaintiff's pro se status, and in the interest of justice, the Court will liberally construe Plaintiff's "answer" as objections to the PFRD. *Cf. Northington*, 973 F.2d at 1520-21. However, even with such a liberal construction, the Court must still disregard Plaintiff's objection regarding the alleged interference with the grievance process. Although Defendant raised Plaintiff's failure to exhaust administrative remedies in its *Martinez* report, Plaintiff did not raise his claims of interference until he filed these objections. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citations omitted). Accordingly, the Court does not address this objection.

Plaintiff's remaining objections in his first responsive filing simply rehash the claims addressed by the Magistrate Judge in the PFRD. (*See* Doc. 13 at 3-4.) Having fully reviewed the matter de novo, the Court agrees with the Magistrate Judge's analysis and will overrule Plaintiff's remaining objections in that document.

Plaintiff's second responsive filing, labeled as his "Written Objections" to the PFRD, simply requests permission to appeal any final judgment entered by the Court. (Doc. 37.) This request does not constitute an objection and will be disregarded for purposes of review of the Magistrate Judge's PFRD. As Plaintiff notes, he may attempt to appeal this Court's decision, pursuant to the Federal Rules of Appellate Procedure, once judgment has been entered. (*See id.*)

IT IS THEREFORE ORDERED that:

1) the PFRD (Doc. 32) is adopted as an order the Court; and

2) Plaintiff's action is dismissed without prejudice.

                                            JUDITH C. HERRERA
                                            UNITED STATES DISTRICT JUDGE